SCHENKER et al. v. AWERBACH.

(Supreme Court, Appellate Division, First Department.   December 11, 1903.)

1. TRADE-MARKS AND TRADE-NAMES—UNLAWFUL COMPETITION—IMITATION OF PACKAGES—TEMPORARY INJUNCTION—DENIAL—DISCRETION.

Where, in an action to restrain the imitation of complainants' cigarette package and package label, it appeared that, though there was a striking resemblance in size, shape, coloring, and appearance between plaintiffs' and defendant's packages, the trade-names by which the cigarettes were known and usually called for and the marking on the boxes were quite dissimilar, and were printed in large type, and defendant showed that there was more or less similarity between boxes in which cigarettes of different manufacturers were placed on the market in respect to size, shape, covers, and labels, and the charges against defendant of bad faith and intending to mislead purchasers were denied—the denial of a temporary injunction pendente lite was not an abuse of discretion.

Appeal from Special Term, New York County.

Bill by Israel W. Schenker and others against Samuel Awerbach. From an order denying complainants' motion for an order restraining defendant from imitating and infringing complainants' cigarette package and package label before trial, complainants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles Dushkind, for appellants.

Charles Goldzier, for respondent.

LAUGHLIN, J.   The plaintiffs are copartners engaged in the business of manufacturing and selling cigarettes in the city of New York and elsewhere, as is also the defendant.   During the year 1902 the plaintiffs began to manufacture and sell cigarettes known by the trade name of "Afternoon," in three styles—with and without mouthpieces and with cork tips, and invented and used a peculiar covering and label for the packages.   They alleged that since June, 1903, the defendant has been manufacturing and selling three similar styles of cigarettes in packages with covering and labels in imitation of those used by the plaintiffs at a lower price, giving the dealers a larger percentage, and with the purpose and intent of deceiving the consumers, and having the same sold as and for the cigarettes made by the plaintiffs.   There appears to be a striking resemblance in size, shape, coloring, and appearance between the cigarette boxes or packages adopted by the defendant and those then in use by the plaintiffs; but the trade-names by which the cigarettes are known and usually called for and ordered and the. marking upon the boxes are quite dissimilar, and are printed in large type, although the position of the trade-name and other marking is somewhat alike on both.   The printed matter upon the packages of cigarettes manufactured both by the plaintiffs and the defendant represent that Turkish tobacco is used.   On the plaintiffs' packages, following the trade name "Afternoon," appears "Turkish Cigarettes"; and on the defendant's packages, following the trade name "Pleasure," appears "Egyption Cigarettes."   These facts are uncontroverted.   The defendant shows by affidavit that there

is more or less similarity between the'boxes or packages in which the cigarettes of different manufacturers are placed upon the market in respect to size, shape, covers, and labels. Issue was joined, and defendant's answer was used in opposition to the motion. It puts in issue the other material allegations of the complaint. The charges against defendant of bad faith, of copying and imitating plaintiffs' style of packages, of selling and attempting to sell and of inducing others to sell his goods for those of the plaintiffs, and intending or attempting to lead purchasers to buy his goods for those of the plaintiffs, and by unfair means and unjust competition to obtain plaintiffs' trade and custom, are all denied by defendant in his affidavit and in affidavits submitted therewith. The issues might have been brought to trial and tried within a very short time if the plaintiffs had so desired. In these circumstances there is no propriety in our interfering with the discretion of the learned court at Special Term in denying the motion for a temporary injunction.

The order should therefore be affirmed, with $10 costs and disbursements. All concur.